```
                 IN THE UNITED STATES DISTRICT COURT

                FOR THE EASTERN DISTRICT OF CALIFORNIA


JAN ELLEN REIN,                    )
                                   )    2:09-cv-02348-GEB-EFB
           Plaintiff,              )
                                   )    STATUS (PRETRIAL
      v.                           )    SCHEDULING) ORDER
                                   )
THE STANDARD INSURANCE COMPANY;    )
UNIVERSITY OF THE PACIFIC LONG     )
TERM DISABILITY BENEFITS PLAN,     )
                                   )
           Defendants.             )
                                   )
```

The status (pretrial scheduling) conference scheduled for February 16, 2010 is vacated since the parties indicate in the Joint Status Report ("JSR") that the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

DISCOVERY

Defendants shall "produce the administrative record and Group Policy for Plaintiff by February 26, 2010," as stated in the JSR. Further, Plaintiff may file a motion for "discovery relating to the standard of review" by March 15, 2010, since the parties dispute whether such discovery should be authorized in this case.

<pre>
 1                        MOTION HEARING SCHEDULE
 2            The last hearing date for motions shall be August 2, 2010,
 3   at 9:00 a.m.[1]
 4            The parties are cautioned that an untimely motion
 5   characterized as a motion in limine may be summarily denied.  A motion
 6   in limine addresses the admissibility of evidence.
 7                        FINAL PRETRIAL CONFERENCE
 8            The final pretrial conference is set for October 4, 2010 at
 9   1:30 p.m.  The parties are cautioned that the lead attorney who WILL
10   TRY THE CASE for each party shall attend the final pretrial
11   conference.  In addition, all persons representing themselves and
12   appearing in propria persona must attend the pretrial conference.
13            The parties are warned that non-trial worthy issues could be
14   eliminated *sua sponte* "[i]f the pretrial conference discloses that no
15   material facts are in dispute and that the undisputed facts entitle
16   one of the parties to judgment as a matter of law."  Portsmouth Square
17   v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
18            The parties shall file a JOINT pretrial statement no later
19   than seven (7) calendar days prior to the final pretrial conference.[2]
20   The joint pretrial statement shall specify the issues for trial and
21   shall estimate the length of the trial.  The Court uses the parties'
</pre>

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

[2] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

## TRIAL SETTING

Trial shall commence at 9:00 a.m. on January 11, 2011.

## MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated:  February 11, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge