IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAN ELLEN REIN,

        Plaintiff,         2:09-cv-02348-GEB-EFB

    v.         ORDER DENYING PLAINTIFF'S
         MOTION FOR DISCOVERY[*]
THE STANDARD INSURANCE COMPANY;
UNIVERSITY OF THE PACIFIC LONG TERM
DISABILITY BENEFITS PLAN,

        Defendants.

        Plaintiff filed a "Motion for Discovery," requesting that the court "order defendants be confined to its [sic] initial disclosures or to produce all documents they contend support a deferential standard of review." (Mot. 4:17-19.) Plaintiff also requests that if the court later determines that "an abuse of discretion standard of review applies, . . . [P]laintiff . . . be permitted certain discovery relating to conflict of interest." (Id. 4:19-23.) Defendants Standard Insurance Company ("Standard") and University of the Pacific Long Term Disability Benefits Plan ("the Plan") (collectively, "Defendants") oppose Plaintiff's motion, arguing an abuse of discretion standard of review applies and narrowly limits the permissible scope of discovery.

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I.   BACKGROUND

Plaintiff was a law professor, employed by the University of the Pacific, McGeorge School of Law, until May 31, 2007. (Compl. ¶ 9.) Plaintiff had a history of back problems, and on November 28, 2006, she submitted a claim for long term disability benefits to Standard. (Id. ¶ 10.) Standard, however, denied Plaintiff's claim on February 22, 2007. (Id. ¶ 11.) Through this lawsuit, Plaintiff challenges Standard's denial of her claim for disability benefits.

While the parties agree that this case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 10010, *et seq.*, ("ERISA"), they dispute the applicable standard of review and the permissible scope of discovery. (Joint Status Report 2:26-4:6.) In their Joint Status Report, Defendants argue that "[b]ecause the Plan unambiguously grants discretionary authority to the plan administrator, . . . the abuse of discretion standard applies" and they "object to any discovery in this case." (Id. 3:17-21.) Plaintiff contends she "can conduct discovery relating to the standard of review." (Id. 3:3-6.) Therefore, in the pre-trial scheduling order issued on February 11, 2010, the court stated that "Plaintiff may file a motion for discovery relating to the standard of review by March 15, 2010, since the parties dispute whether such discovery should be authorized in this case." (Pretrial Scheduling Order 1:22-26.) On March 15, 2010, Plaintiff filed her now pending motion.

## II.   DISCUSSION

While Plaintiff and Defendants dispute the standard of review the court should employ to review Standard's denial of Plaintiff's claim for disability benefits and the permissible scope of discovery, Plaintiff's motion does not request that the Court decide

the appropriate standard at this time, nor does Plaintiff request to undertake specific discovery related to determining the appropriate standard of review. Rather, Plaintiff "proposes the following":

> (1) That this court order defendants be confined to its initial disclosures or to produce all documents they contend support a deferential standard of review, and (2) that this court provisionally decide that, *if* Judge Burrell subsequently determines in response to a motion for summary judgment or adjudication - based on defendants' already produced documents and any documents defendants produce in response to (1) - that an abuse of discretion standard of review applies, that plaintiff be permitted certain discovery relating to conflict of interest.

(Mot. 4:17-23.) Plaintiff also lists eight categories of discovery she seeks should the court ultimately decide that an abuse of discretion standard of review applies.

Plaintiff, however, has provided no legal authority supporting her first "proposal" to limit the evidence considered when determining the applicable standard of review in a case governed by ERISA. Plaintiff also has not shown that her second "proposal" - that certain discovery be allowed if it is later determined that an abuse of discretion standard of review is applicable - is ripe for judicial review. Plaintiff's request for a provisional order appears to seek an advisory opinion. Since Plaintiff has not shown that the relief she requests is proper, her motion is DENIED.

Dated: May 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

3