```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA


JAN ELLEN REIN,                        )
                                       )   2:09-cv-02348-GEB-EFB
               Plaintiff,              )
                                       )   ORDER DENYING PLAINTIFF'S
          v.                           )   MOTION FOR SUMMARY JUDGMENT*
                                       )
THE STANDARD INSURANCE COMPANY,        )
UNIVERSITY OF THE PACIFIC LONG         )
TERM DISABILITY BENEFITS PLAN,         )
                                       )
               Defendants.             )
_____)
```

Plaintiff Jan Ellen Rein moves for summary judgment, in which Plaintiff seeks "a determination that the appropriate standard of review of her claim for long term disability benefits is *de novo*." (Pl.'s Notice & Mot. for Summ. J. 1:24-26.) Defendants Standard Insurance Company ("Standard") and University of the Pacific Long Term Disability Benefits Plan oppose Plaintiff's motion, arguing Plaintiff's ERISA claim should be reviewed under the abuse of discretion standard of review.

Plaintiff was employed as a law professor by the University of the Pacific, McGeorge School of Law, until May 31, 2007. (Compl. ¶ 9.) As a University of Pacific employee, Plaintiff was a "participant" and received coverage under a group long term disability

---

   * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  insurance policy ("the Policy"). (Smith Decl. ¶ 4, Ex. A; Compl. ¶¶
2  6, 10.) Plaintiff had a history of back problems, and on November 28,
3  2006, submitted a claim for long term disability benefits under the
4  Policy to Defendant Standard. (Compl. ¶ 10.) However, on February
5  22, 2007, Standard denied Plaintiff's claim for benefits. (Id.)
6  Plaintiff filed her complaint in this federal court on August 21,
7  2009, challenging Standard's denial of her benefits claim under 29
8  U.S.C. § 1132(a)(1)(B); she filed her pending summary judgment motion
9  on June 28, 2010.

## I.   The Policy Constitutes the ERISA Plan at Issue in This Case

Plaintiff's ERISA claim is brought under 29 U.S.C. § 1132(a)(1)(B), which "permits a participant in an ERISA-regulated plan to bring a civil action to recover benefits due to her under the terms of her plan, to enforce rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan." Gilliam v. Nevada Power Co., 488 F.3d 1189, 1192 n.2 (9th Cir. 2007) (quoting 29 U.S.C. § 1132(a)(1)(B)).

Plaintiff alleges in her complaint that the Policy is the ERISA plan at issue. (Compl. ¶ 1.) However, Plaintiff argues in her summary judgment motion that "the administrative record [in this case] contains no plan . . . ." (Pl.'s Mot. for Summ. J. 5:2-3.) Standard counters that the Policy is the pertinent plan. (Opp'n 7-9.)

Plaintiff's argument that there "is no plan" is unavailing; "[t]he [group disability] insurance policy is the [ERISA] plan document in this case." Sterio v. HM Life, No. 08-17426, 2010 WL 750032, at *1 (9th Cir. Mar. 4, 2010) (rejecting plaintiff's argument that "there is no plan document, only an insurance policy," citing Cinelli v. Security Pacific Corp., 61 F.3d 1437, 1441 (9th Cir. 1995)

2

(stating "it is clear that an insurance policy may constitute the 'written instrument' of an ERISA plan")).

### II. The Abuse of Discretion Standard of Review Applies to Plaintiff's ERISA Claim

A "denial of benefits challenged under 29 U.S.C. § 1332(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Burch, 489 U.S. 101, 115 (1989). However, "the plan must unambiguously" confer discretion on the administrator or fiduciary to invoke the abuse of discretion standard of review. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 962 (9th Cir. 2006) (en banc) (citing Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir) (en banc))

Plaintiff argues *de novo* review is the applicable standard of review in this case because "no plan instrument properly creates or delegat[e]s discretionary authority" to Standard. (Mot. for Summ. J. 3:13.) The essence of Plaintiff's argument appears to be that where the ERISA plan is an insurance policy, it is improper for the policy to confer discretion upon the insurer. (Reply 1:26-2:1 (stating that "an insurance company [cannot] bestow discretion on itself in a policy.")) Defendant counters that its "denial of [Plaintiff's] benefits should be reviewed for abuse of discretion because the Policy unambiguously confers discretionary authority upon Standard . . . ." (Opp'n 7:3-7.)

The relevant language of the plan is included in a section entitled "Allocation of Authority" and provides:

> Except for those functions which the Group Policy specifically reserves to the Policyholder or

3

>Employer, [Standard] [has] ***full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy.***
>
>[Standard's] authority includes, but is not limited to:
>1. The right to resolve all matters when a review has been requested;
>
>2. The right to establish and enforce rules and procedures for the administration of the Group Policy and any claim under it;
>
>3. The right to determine:
>   a. Eligibility for insurance;
>   b. Entitlement to benefits;
>   c. The amount of benefits payable; and
>   d. The sufficiency and the amount of information [Standard] may reasonably require to determine a., b., or c., above.
>
>Subject to the review procedures of the Group Policy, ***any decision we make in the exercise of our authority is conclusive and binding.***

(Smith Decl. Ex. A STND 1469-00971) (emphasis added).

This plan language unambiguously confers discretionary authority upon Standard to construe and interpret the plan and make final benefits determinations. Therefore, the abuse of discretion standard of review applies to Plaintiff's ERSIA claim. See <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955, 963-64 (9th Cir. 2006) (en banc) (holding that abuse of discretion standard of review applies if a plan grants the power to construe and interpret the plan and to make final benefit determinations); see also <u>Bendixen v. Standard Ins. Co.</u>, 185 F.3d 939, 943 (9th Cir. 1999), <u>overruled on other grounds by Abatie</u>, 458 F.3d at 966-69 (finding nearly identical policy language sufficient to confer discretion on insurer to warrant application of abuse of discretion standard of review); <u>Sterio v. Highmark Life Ins.</u>

4

Co., No. 2:06-CV-1045 MCE GGH, 2008 WL 4454047, at *3 (E.D. Cal. Sept. 30 2008) (same); Skeen v. Rite Aid Corp., 2010 WL 231383, at *5 (E.D. Cal. Jan. 12, 2010) (same); Whalen v. Standard Ins. Co., No. SACV08-0878 DOC (MLGx), 2009 WL 3756651, at *7 (C.D. Cal. Nov. 5, 2009) (same); Ekno v. Northwestern Mut. Life Ins., No. Civ. S-06-2148 RRB EFB, at *4 (E.D. Cal. Mar. 20, 2008) (same); Lawless v. Northwestern Mut. Life Ins. Co., 360 F. Supp. 2d 1046, 1054 (N.D. Cal. 2005) (same).

Plaintiff's reliance upon Madden v. ITT Long Term Disability Plan for Salaried Employees, 914 F.2d 1279 (9th Cir. 1994) for the proposition that the University of the Pacific, as the plan administrator, was required to confer discretion upon Standard is unpersuasive. In Madden, the Ninth Circuit held: "where: (1) the ERISA plan expressly gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan **and** (2) pursuant to ERISA, 29 U.S.C. § 1005(c)(1)(1998), a named fiduciary properly designates another fiduciary, delegating its discretionary authority, the arbitrary and capricious standard of review" applies. Id. at 1283-84 (emphasis added).

Under ERISA, an entity "is a fiduciary with respect to a plan to the extent (i) [it] exercises any discretionary authority or discretionary control respecting management of such plan or exercises authority or control respecting management or disposition of its assets . . . or (iii) [it] has any discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Since the plan provides Standard with discretionary authority concerning the management and administration of the plan, Standard is a fiduciary of

5

the plan and the plan unambiguously confers discretionary authority upon a fiduciary to determine eligibility for benefits and construe the terms of the plan.  Since Standard did not delegate its discretionary authority to another entity, <u>Madden</u> is inapplicable.  Further, Plaintiff has not supported his contention that an insurance policy may not confer discretion upon the insurer with authority or otherwise shown that this contention comports with authority construing ERISA.

Since the plan at issue in this case unambiguously confers discretionary authority upon Standard to determine benefit eligibility and interpret the plan, the abuse of discretion standard of review applies to Plaintiff's claim.  Therefore, Plaintiff's motion for summary judgment is DENIED.

Dated:  July 30, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge